*595 OPINION of the Court, by
Ch. J. Boyle
— This was an action of covenant, upon a bond conditioned to keep the prison rules. The bond was taken to the jail-*r, and assigned by him to the plaintiff in the action. *596 The writ was served upon the principal and his securities ; the securities appeared and plead to the action, and a verdict and judgment were had against them 5 but the principal failed to appear, and no farther steps were taken against him. To reverse the judgment 3gainst them, the securities, have prosecuted this writ of error.
.where piam-íLrihe'obiigors jointly on a jtiint and fey*. ⅛⅜⅛cannoTpro-<eed to judg tment against lígors°f and°a-fcandon his fuit sn to one.
*¿eeW°obngorsf ⅜⅛ fued jointly «*pon * and ion'lley^tnav nead that mad ter in abate-
At the last term of this court the cause was submit-tec^> tnc^ the court being of opinion that the jailor had by law no authority to take and assign the bond upo» which the suit was brought, considered the bond void, a°d reversed the judgment upon that ground, without considering the other points made by the assignment of error. But upon further reflection, doubting the correctness of the opinion then given, the judgment then entered was set aside and a rehearing ordered. At this term, after a full argument and much consideration, we decided in the case of Barns vs. Williams (ante 562) where the same point occurred, that the jailor was au-thoriscd by law to take and assign a prison bounds, bond. It becomes necessary, therefore, now to comi-der such of the other points made in the assignment of error as are deemed material. These are — 1st, that the action was misconceived, it should have been debt and not covenant; 2d, that the judgment was erroneously taken against the securities, without having tried or disposed of the suit against the principal.
The first point was considered at the last term, in the case of Kennedy vs. Kennedy, (ante 465 6) and decided to be untenable. For the principles and authorities upon which the decision is founded, we refer to. the opinion then delivered.
Upon the second point we think the judgment erroneous. The bond is a joint and several one, and the party had his election to sue each of the obligors sepa-: rateiy, or the whole jointly ; but having elected to sue them all jointly, he could not take a judgment against two of them only, without trying or disposing of the suit as to the other. Had the plaintiff brought his action against the two securities, without joining the principal obligor, they might have pleaded that matter ia abatement, but by joining the whole of them in the action they were pi evented from doing so. This case differs materially from the case of Tilford vs. Hay's, *597 «fecided at this term, in which a judgment against one of three joint obligors was held not to be erroneous, though the action was oriftlr.jllv commenced against them all jointly. In that case the suit had abated as to one of the defendants by his death, and further prOe ceedings could only be had against the other two. Aw< to one of them the action was discontinued before the other, against whom the judgment was entered, had appeared and plead. The latter might therefore have pleaded the discontinuance of the suit as to the other in abatement: not having done so, he must be considered as having waived his. privilege ot taking advantage of it. But in this case, as the suit was still depending against the principal obligor when the others appeared and plead, they never hadan opportunity of abating the suit by plea, and consequently cannot be considered as having waived a right which, from the nature ot the proceedings on the part of the plaintiff, they never had an opportunity of exercising.
If the suit be yet depending against the principal obligor, upon the plaintiff’s obtaining a verdict against him, a joint judgment mav be entered against the whois of the defendants ; but if the suit in the meantime shall have been-dtsmissed as to him, or a verdict and judgment given in his favor, no judgment can be rendered against the other co-obligors, and the suit as to them must also be dismissed.
Judgment reversed and cause remanded, &e.